## 12032. BRITT v. RILEY.

STEPHENS, J.  This being a suit for services alleged to have been rendered
by the plaintiff in repairing an automobile belonging to the defendant,
in which it is sought to hold the defendant liable on a contract for
such services, made for the defendant through her husband as her agent
and afterwards ratified by her, and it appearing that  the charge of
the court fully, and fairly to the defendant, instructed the jury upon
the law of principal and agent as applicable to the facts of the case,
an expression in the charge, that if the defendant's " husband placed
the automobile with the plaintiff for repairs, by the direction of his
wife or by the approval of his wife," then she would be liable for the
debt " that she had directed her husband to incur or that she had ap-
proved or ratified," is not subject to the exception that the use of the
word " approval " was calculated to mislead the jury to the prejudice
of the defendant, in that " no explanation was given or limitation made
as to just what would and what would not amount to an approval."
Nor was this excerpt from the charge subject to the exception that it
was not applicable to the issues made in the case.

2. A verdict for the plaintiff being authorized by the evidence and no error
of law appearing, the court did not err in overruling the defendant's
motion for a new trial.

Judgment affirmed.  Jenkins, P. J., and Hill, J., concur.

DECIDED SEPTEMBER 27, 1921.

Lien foreclosure; from Bibb Superior court — Judge Malcolm
D. Jones.  December 11, 1920.

*Walter DeFore, James C. Estes,* for plaintiff in error.

*W. E. Martin,* contra.